IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION FILE |
| v. ) | |
| ) | NUMBER 1:10-cr-490-1-TCB |
| JOSE LUIS CHAVEZ-MACIEL, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

This case is currently before the Court on Magistrate Judge Walker's Report and Recommendation (the "R&R") [321]. No objections to the R&R have been filed.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1] Where no objection to the R&R is made, it need only be

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing continuing validity of *Nettles*).

reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2] After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has carefully reviewed the R&R and finds no plain error in its factual or legal conclusions. Therefore, the Court ADOPTS AS ITS ORDER the R&R [321]. Defendant Jose Luis Chavez-Maciel's motions to suppress evidence and his statements [97, 102] are GRANTED IN PART and DENIED IN PART. They are GRANTED with respect to his statements that his nickname is "Picho" and that he had a gun in his residence, and those statements are suppressed. Otherwise, the motions are DENIED.

---

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). By contrast, the standard of review on appeal distinguishes between the factual findings and legal conclusions. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when magistrate judge's findings of fact are adopted by district court without objection, they are reviewed on appeal under plain-error standard, but questions of law remain subject to de novo review).

Chavez-Maciel's motions for production of the name and location of confidential informants [101], to suppress intercepted communications [103, 118], to suppress evidence from unlawful search warrants [105, 119], and to suppress identifications [107] are DENIED.

With respect to Chavez-Maciel's motion to sever Defendants [100], the motion is DENIED as to his antagonistic-defenses argument. However, the R&R deferred to the undersigned the *Bruton* argument raised in that motion. Accordingly, Chavez-Maciel is DIRECTED to supplement his motion to sever with respect to the *Bruton* issue [100] within twenty-one days of this Order. If Chavez-Maciel does not file a supplemental brief within this period, the Clerk is DIRECTED to submit the matter to the undersigned, and the Court will deem the motion abandoned. If Chavez-Maciel does file a supplemental brief, the Government will then have fourteen days to file a response brief, and Chavez-Maciel may then file a reply brief within fourteen days.

IT IS SO ORDERED this 31st day of December, 2012.

Timothy C. Batten, Sr.
United States District Judge