IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION FILE |
| v. ) | |
| ) | NUMBER 1:10-cr-490-3-TCB |
| JAIME JAVIER GUTIERREZ- ) | |
| MOSQUEDA, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

This matter is before the Court on Defendant Jaime Javier Gutierrez-Mosqueda's objections [327] to Magistrate Judge Walker's Report and Recommendation (the "R&R") [324], which recommends that Gutierrez-Mosqueda's motions to suppress statements [178, 234, 309] and for production of the name and location of confidential informant 1 ("CI-1") [236, 265] be denied.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th

Cir. 1982)).[1]  Where no objection to the R&R is made, it need only be reviewed for clear error.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]  Where objections are made, a district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  The district judge must "give fresh consideration to those issues to which specific objection has been made by a party."  *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

"Parties filing objections must specifically identify those findings objected to.  Frivolous, conclusive or general objections need not be considered by the district court."  *Nettles*, 677 F.2d at 410 n.8.  "This rule facilitates the opportunity for district judges to spend more time on matters

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit.  *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing continuing validity of *Nettles*).

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Thus, district courts in this circuit have routinely applied a clear-error standard to both.  *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases).  By contrast, the standard of review on appeal distinguishes between the factual findings and legal conclusions.  *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when magistrate judge's findings of fact are adopted by district court without objection, they are reviewed on appeal under plain-error standard, but questions of law remain subject to de novo review).

actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful review of the R&R and Gutierrez-Mosqueda's objections thereto. Having done so, the Court finds that Magistrate Judge Walker's factual and legal conclusions were correct and that Gutierrez-Mosqueda's objections have no merit. In his objections, Gutierrez-Mosqueda challenges only the R&R's ruling on his motion to disclose CI-1's name and location.

Applying *Roviaro v. Unites States*, 353 U.S. 53 (1957) and the criteria for determining whether a confidential informant for the Government should be disclosed set forth in *United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985), the R&R determined that CI-1's identity should not be disclosed and recommended that Gutierrez-Mosqueda's motion be denied. Gutierrez-Mosqueda contends that this was error because his defenses to this case require that he have the opportunity to interview and cross-examine CI-1. However, he fails to show that the disclosure of CI-1's identity is in fact required.

Accordingly, the Court ADOPTS AS ITS ORDER the R&R [324] and DENIES Gutierrez-Mosqueda's motions to suppress statements [178, 234, 309] and for CI-1's identification [236, 265].

IT IS SO ORDERED this 3rd day of January, 2013.

Timothy C. Batten, Sr.
United States District Judge